The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)

*(See instructions):* a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO
JUDGE:                                          DOCKET NUMBER:

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
DATE                          SIGNATURE OF ATTORNEY OF RECORD
                              *Santiago Cueto*

**FOR OFFICE USE ONLY**
RECEIPT #          AMOUNT          IFP          JUDGE          MAG JUDGE

JS 44   (Rev. 06/17) FLSD Revised 06/01/2017

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.** **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
            Brief Description: Unauthorized reception of cable service

**VIII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO.:**

BREEALLE HOLLYFIELD,
a California resident,
DANNY JOHNSON,
A California resident,
KHEVIONNA DAVIS,
 a Georgia resident,
and COURTNEY PETTIGREW
a Nevada resident,

        Plaintiffs,

vs.

VITORI PRODUCTIONS, INC.
d/b/a CHEESEBURGER BABY,
a Florida corporation,

        Defendant.
_____/

**<u>SUMMONS IN A CIVIL CASE</u>**

TO:  Vitori Productions, Inc.,
      d/b/a Cheeseburger Baby

    **By servings its registered agent:**

    STEPHANIE VITORI
    1505 WASHINGTON AVE
    MIAMI BEACH, FL 33139

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFFS' ATTORNEY:

SANTIAGO A. CUETO, ESQ.
CUETO LAW GROUP, P.L.
4000 Ponce de Leon, Blvd., Suite 470
Coral Gables, Florida  33146

(305) 777-0377

an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____                    _____
CLERK                                                                                         DATE

_____
(BY) DEPUTY CLERK

---

## RETURN OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  _____           _____
                              DATE                                                     SIGNATURE OF SERVER

                                                                      _____
                                                                      ADDRESS OF SERVER

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

### CASE NO.:

BREEALLE HOLLYFIELD,
a California resident,
DANNY JOHNSON,
A California resident,
KHEVIONNA DAVIS,
a Georgia resident,
and COURTNEY PETTIGREW
a Nevada resident,

        Plaintiffs,

vs.

VITORI PRODUCTIONS, INC.
d/b/a CHEESEBURGER BABY,
a Florida corporation,

        Defendant.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiffs, BREEALLE HOLYFIELD DANNY JOHNSON, KHEVIONNA DAVIS, and COURTNEY PETTIGREW, by and through undersigned counsel, and brings this action against Defendant, VITORI PRODUCTIONS, INC. d/b/a/ CHEESEBURGER BABY, and as grounds thereof allege as follows:

### INTRODUCTION

1. This is an action against Vitori Productions, Inc. d/b/a Cheeseburger Baby to recover damages pursuant to Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, *et seq.*, as amended, ("Section 1981"), negligence, and intentional infliction of emotional distress.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. §1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

3. Venue in this District is proper under 28 U.S.C. §1391 because a substantial part of the events and omissions complained of took place in this District.

## PARTIES

4. At all times relevant to this Complaint, Plaintiffs Breealle Hollyfield, Danny Johnson, Khevionna Davis, and Courtney Pettigrew were and are U.S. Citizens over the age of 18, and persons with standing to bring a claim under Section 1981.

5. Plaintiffs are all of African-American descent.

6. Breealle Hollyfield is a California resident and owner of several beauty bars in Los Angeles, California.

7. Danny Johnson is a resident of California.

8. Khevonia Davis is a resident of Georgia.

9. Courtney Pettigrew is a resident of Nevada.

10. Vitori Productions, Inc. is the owner and operator of Cheeseburger Baby, a popular chain of restaurants located in Miami-Dade County, Florida.

11. At all material times, the incident described herein occurred at the Cheeseburger Baby restaurant located at 1505 Washington Avenue in the heart of the South Beach entertainment district of Miami Beach, Florida.

12. At all material times, Defendant is liable for its employees' actions under the doctrine of *respondeat superior.*

## BACKGROUND AND GENERAL ALLEGATIONS

13. Plaintiffs provide in this Background and General Allegations section the general substance of certain factual allegations. Plaintiffs do not intend that this section provide in exact detail any or all allegations. Rather, Plaintiffs intend that this section merely provide Defendant fair notice of the general nature and substance of their allegations.

14. On or about August 5, 2108, Plaintiffs gathered together in Miami Beach, Florida to celebrate the birthday of Khevionna Davis.

15. After spending the evening together, Plaintiffs entered the Cheeseburger Baby restaurant located at 1505 Washington Avenue, Miami Beach, FL to eat a late-night meal before heading back to their hotel.

16. Upon entering the restaurant, an employee of the restaurant told Plaintiffs that they were not going to be served and subjected Plaintiffs to racial slurs and other verbal abuse repeatedly shouting, among other things, that Plaintiffs were "broke a** n*****s" and demanded that Plaintiffs immediately leave the restaurant.

17. Upon being refused service and subjected to Defendant's employee's racial slurs and abuse, Plaintiffs left the restaurant and stood outside in front of the restaurant premises to wait for their Uber ride back to their hotel.

18. As Plaintiffs stood outside in front of the restaurant, a white female Cheeseburger Baby manager cracked open the front door of the restaurant and blasted Plaintiffs with what can only be described as an improvised water cannon to force Plaintiffs to scatter away from the front of the store.  Video of the incident was captured by Plaintiffs.

19. The restaurant manager continued to blast Plaintiffs with the high-pressure water hose including Plaintiff Hollyfield who was still recovering from a serious bout of pneumonia.

20. After several minutes, the manager closed the front door and walked towards the back of the store. As a result of the restaurant manager's outrageous, willful and reckless actions, Plaintiffs were left soaking wet standing outside the restaurant.

21. Plaintiff Hollyfield returned to the restaurant the next day to lodge a complaint with the restaurant manager on duty at the time.

22. In response to Plaintiff Hollyfield's visit to the restaurant, the owner of the restaurant called Plaintiff Hollyfield to apologize.

23. Upon information and belief, a restaurant employee and the manager on duty at the time of the incident were terminated as a result of their conduct.

24. All conditions precedent to the filing of this action have occurred or have been waived.

## COUNT I
### Violation of §1981

25. Plaintiffs repeats, realleges and incorporates paragraphs 1 through 24.

26. As described above, Defendant's outrageous conduct constituted discrimination because of Plaintiff's race in violation of Section 1981 of the Civil Rights Act of 1966, as amended, 42 U.S.C. § 1981, *et seq.*

27. Through Defendant's discriminatory conduct, it deprived Plaintiffs of their right to make and enforce contracts on the same terms as enjoyed by white persons, in violation of 42 U.S.C. § 1981.

28. In addition, Defendant is liable for its employees' actions under the doctrine of *respondeat superior.*

29. Plaintiffs are African-American individuals. Not only did Defendant deny Plaintiffs the opportunity to eat at its establishment, Defendant blasted Plaintiffs with a high-

pressure water hose solely because they are of African-American descent. Plaintiffs' race was the motivating factor why Defendant discriminated against them. By virtue of Defendant's actions and inactions as set forth above, Defendant has violated §1981.

30. Defendant's conduct in discriminating against Plaintiffs due to their race was intentional. Defendant engaged in a discriminatory practice with malice or with reckless indifference to the federally protected rights of Plaintiffs.

31. As a direct and proximate result of Defendant's actions, Plaintiffs have suffered physical injury, personal humiliation, loss of capacity for the enjoyment of life, mental anguish, and embarrassment justifying an award including compensatory damages and punitive damages according to proof against Defendant.

32. As a result of the deprivations of rights at the hands of Defendant, Plaintiffs have retained Cueto Law Group, P.L., and has agreed to pay them a reasonable fee, which Plaintiffs are entitled to recover pursuant to 42 U.S.C. 1988(b) and otherwise by law.

   **WHEREFORE**, Plaintiffs demand judgment against Defendant for damages as set forth above, attorney's fees and costs pursuant to 42 U.S.C. 1988(b) and for such further relief as this Court deems just and equitable.

## COUNT II

33. Plaintiff repeats, realleges and incorporates paragraphs 1 through 24.

34. Plaintiffs were business invitees at Defendant's premises and were lawfully on the premises for the purpose of purchasing a meal.

35. Defendant owed a duty to Plaintiffs to provide Plaintiffs with a safe environment, to employ competent employees and to supervise its employees in maintaining a safe environment.

36. After being refused service as discussed in the general allegations, Defendant's

employee blasted Plaintiffs with an improvised water cannon using a high-pressure industrial hose from within the restaurant as they stood in front of the restaurant.

37. The negligent acts of the Defendants created a dangerous or negligent condition for Plaintiffs by failing to provide a safe environment for Plaintiffs, and/or by employing careless and reckless employees, and/or failing to exercise proper supervision of said employees in maintaining a safe environment.

38. As a direct and proximate result of Defendant's negligence, Plaintiffs have suffered bodily injury, and resulting pain and suffering, disability, mental anguish and loss of earnings and has incurred substantial medical expenses for treatment and care, past, present and future. Said losses, injuries, and expenses are either permanent or continuing in nature and Plaintiffs will continue to suffer same in the future.

**WHEREFORE**, Plaintiffs demands judgment against Defendant, for damages as set forth above and for such further relief as this Court deems proper.

## COUNT III
### Intentional Infliction of Emotional Distress

39. Plaintiffs repeats, realleges and incorporates paragraphs 1 through 24.

40. The acts described herein constitute extreme and outrageous conduct against the Plaintiffs.

41. Defendant engaged in the outrageous conduct with reckless disregard of the high probability of causing Plaintiffs to suffer emotional distress.

42. Plaintiffs suffered severe emotional distress and the outrageous conduct of Defendants was a cause of the emotional distress suffered by Plaintiffs.

43. Defendant's outrageous actions were willful malicious, deliberate, and were done

with reckless or negligent indifference to the likelihood that such behavior would cause severe emotional distress and with utter disregard for the consequences of such actions.

44.     Plaintiffs are entitled to compensatory and punitive damages in amounts to be ascertained at trial.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for damages as set forth above and for such further relief as this Court deems proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues so triable.

Respectfully Submitted,

**Respectfully submitted,**

CUETO LAW GROUP P.L.
Attorneys for Plaintiff
4000 Ponce de Leon Blvd., Suite 470
Coral Gables, Florida 33146
Tel.:   (305) 777-0377
Fax:   (305) 777-0449
Email:  sc@Cuetolawgroup.com

By: *Santiago Cueto*
**SANTIAGO A. CUETO, ESQ.,**
Florida Bar No.: 0162566